UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Michael Sharpstein,<br>　　　　　Defendant. | Civil Action No. 2:24-cv-06883-DCN<br><br>**COMPLAINT**<br>**(DECLARATORY JUDGMENT)**<br>**(JURY TRIAL DEMANDED)** |

Now comes the Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), by a way of a Complaint for Declaratory Judgment against the Defendant, Michael Sharpstein ("Defendant"), and in support of its Complaint, alleges and states as follows:

**JURISDICTION AND VENUE**

1.　That State Farm brings this action for declaratory relief pursuant to 28 U.S.C. § 2201 to declare the rights, status and other legal relations concerning claims for insurance coverage arising out of an accident involving Defendant that occurred on or about April 20, 2012, and concerning insurance policies issued by State Farm to Defendant.

2.　That State Farm is a business entity organized and existing under the laws of the State of Illinois and maintains its principal place of business in Illinois.

3.　That Defendant is a resident of South Carolina.

4.　That the amount in controversy exceeds $75,000, exclusive of interest and costs, because Defendant is claiming that he should be entitled to get underinsured motorist coverage up to the liability limits of two auto policies with liability limits of

$250,000/$500,000/$100,000 for each vehicle.

5. That venue is proper pursuant to 28 U.S.C. § 1391 as this is the District where Defendant resides and where the accident occurred.

## FACTUAL ALLEGATIONS

6. That on or about February 20, 2020, Defendant signed two selection rejection forms for his two policies (the "Offer Forms"). That a copy of each form (redacted for address information) is attached as Exhibits A and B to this complaint.

7. That on or about November 21, 2022, Defendant was the driver of a 2013 Kia owned by him and was involved in an automobile accident in Charleston County.

8. That the other driver's liability carrier happened to also be State Farm. State Farm has tendered the applicable liability coverage and secured a covenant not to execute that allows pursuit of underinsured motorist coverage, if any.

9. That Defendant alleges he was injured and suffered damages in excess of the liability coverage as a result of this accident and is seeking UIM coverage.

10. That at the time of the accident, there was no UIM coverage on either of the policies of insurance issued to the Defendant because Defendant signed the Offer Forms, which complied with S.C. Code 38-77-350, affording State Farm a conclusive presumption of a meaningful offer of underinsured motorist coverage.

11. That the language of the same statute provides: "If this form is signed by the named insured, after it has been completed by an insurance producer or a representative of the insurer, it is conclusively presumed that there was an informed, knowing selection of coverage and neither the insurance company nor an insurance agent is liable to the named insured or another insured under the policy for the insured's failure

to purchase optional coverage or higher limits." S.C. Code Ann. § 38-77-350(B).

12. That State Farm was not required to make a new offer of UIM coverage at any point between the defendant signing the Offer Forms and the date of the accident. The statute provides: "An automobile insurer is not required to make a new offer of coverage on any automobile insurance policy which renews, extends, changes, supersedes, or replaces an existing policy." S.C. Code Ann. § 38-77-350(C).

## FOR A FIRST CAUSE OF ACTION
### (Conclusive Presumption Pursuant to S.C. Code Ann. § 38-77-350)

13. Plaintiff re-alleges and reincorporates the allegations of paragraphs 1-13 above.

14. The Offer Forms contained brief and concise explanations of the UIM coverage that was offered.

15. The Offer Forms contained a chart showing a list of available UIM limits. The same chart shows the additional premium(s) to be charged for the available limits.

16. The Offer Forms contained a space for the insured to accept or reject coverage, a space to state the limits of coverage the Defendant desired, and a space for the Defendant to sign the form acknowledging that additional coverage was offered.

17. The Offer Forms contained the telephone number and mailing address of the South Carolina Department of Insurance. The Offer Forms also included a statement that the Defendant may contact the Department of Insurance with any further questions.

18. The Defendant signed the Offer Forms as the named insured on each of his State Farm Automobile Insurance policies at issue in this case.

19. That State Farm is entitled to a conclusive presumption of a meaningful offer under S.C. Code Ann. § 38-77-350.

3

20. State Farm hereby petitions the Court to declare that Underinsured Motorist Coverage is not available to the Defendant because the Defendant declined to purchase such coverage after a meaningful offer.

### FOR A SECOND CAUSE OF ACTION
### (Meaningful Offer of Coverage Under *Wannamaker*)

21. Plaintiff re-alleges and reincorporates the allegations in paragraphs 1-21 above.

22. That even if it there was some determination of a defect in the Offer Forms underinsured motorist coverage would still not be added because State Farm nevertheless complied with the common law meaningful offer test of State Farm Mut. Auto. Ins. Co. v. Wannamaker, 291 S.C. 518, 354 S.E.2d 555 (1987) and its progeny.

23. Under the meaningful offer test in *State Farm Mut. Auto. Ins. Co. v. Wannamaker*,

> (1) the insurer's notification process must be commercially reasonable, whether oral or in writing; the insurer must specify the limits of optional coverage and not merely offer additional coverage in general terms; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

291 S.C. at 520, 354 S.E.2d at 556

24. The Offer Forms comply with relevant statutes and are thus "commercially reasonably."

25. The Offer Forms contain charts which specify the available limits of additional coverage.

26. The Offer Forms are intelligible and advise the Defendant of the nature of both Uninsured and Underinsured Motorist Coverage.

27. The Offer Forms tell the Defendant that additional coverages are available

4

for an additional premium, and they contain the amount of the additional premium(s) to be charged if additional coverage is purchased.

28.     That based on the Offer forms and/or communications with the agent there was a meaningful offer of under *State Farm v. Wannamaker*, and therefore, no underinsured motorist coverage is available under the policy.

29.     State Farm hereby petitions the Court to declare that Underinsured Motorist Coverage is not available to the Defendant because the Defendant declined to purchase such coverage after being presented with a common law meaningful offer of additional coverage.

**WHEREFORE**, State Farm requests a jury trial and that this Court issue a declaratory judgment consistent with the relief sought herein and further declare the rights, status, and other legal relations of the parties hereto as this Court deems just and proper.

CLAWSON and STAUBES, LLC

s/David C. Cleveland
_____
David C. Cleveland
Bar No.: 05062
126 Seven Farms Drive, Suite 200
Charleston, South Carolina  29492
Phone:    (843) 577-2026
Fax:      (843) 722-2867
Email:    dcleveland@cslaw.com
Attorney for State Farm Mutual Automobile Insurance Company

Charleston, South Carolina

November 25, 2024

5