UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) | C/A No. 2:24-cv-06883-RMG-MHC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Michael Sharpstein, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed this declaratory judgement action on November 25, 2024. ECF No. 1. Defendant Michael Sharpstein's former counsel filed an Answer on February 7, 2025. ECF No. 6. Counsel withdrew from representation on April 3, 2025, and Sharpstein has been proceeding pro se in this action ever since. *See* ECF No. 14.

On January 16, 2026, Sharpstein filed correspondence with the Court in which he asks the Court to "dismiss this frivolous lawsuit against me." ECF No. 25. The Court construes this Motion as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). State Farm filed a Response in Opposition on January 29, 2026. ECF No. 32. The Motion is ripe for review.

All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), D.S.C. This Report and Recommendation is entered for review by the District Judge. For the reasons that follow, the undersigned recommends that the Motion to Dismiss be denied.

1

## ALLEGATIONS IN THE COMPLAINT[1]

The Complaint alleges that on or about February 20, 2020, Sharpstein signed two selection rejection forms (the "Offer Forms") for his two automobile insurance policies issued by State Farm. ECF No. 1 at ¶¶ 1, 6. On or about November 21, 2022, Sharpstein was the driver of a 2013 Kia owned by him and was involved in an automobile accident in Charleston County. *Id.* at ¶ 7. The other driver's liability carrier also happened to be State Farm, which has tendered the applicable liability coverage and secured a covenant not to execute that allows pursuit of underinsured motorist ("UIM") coverage, if any. *Id.* at ¶ 8.

Sharpstein claims that he was injured and suffered damages in excess of the liability coverage as a result of this accident and is seeking UIM coverage. *Id.* at ¶ 9. According to the Complaint, "at the time of the accident, there was no UIM coverage on either of the policies of insurance issued to [Sharpstein] because [Sharpstein] signed the Offer Forms, which complied with S.C. Code 38-77-350, affording State Farm a conclusive presumption of a meaningful offer of underinsured motorist coverage." *Id.* at ¶ 10. State Farm asserts that it was not required to make a new offer of UIM coverage at any point between Sharpstein signing the Offer Forms and the date of the accident. *Id.* at ¶ 12.

State Farm "petitions the Court to declare that Underinsured Motorist Coverage is not available to the Defendant because the Defendant declined to purchase such coverage after a meaningful offer," *id.* at ¶ 20, and "after being presented with a common law meaningful offer of additional coverage," *id.* at ¶ 29.

---

[1] For purposes of ruling on Sharpstein's Motion to Dismiss, the Court accepts the Complaint's factual allegations as true and construes all inferences therefrom in the light most favorable to State Farm. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

**LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the court is required to accept the allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Moreover, the court must evaluate "the complaint in its entirety, as well as documents attached or incorporated into the complaint." *Id.* at 448. The court may consider a document not attached to the complaint, so long as the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "A complaint should not be dismissed as long as it provides sufficient detail about

3

the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted).

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, principles requiring generous construction of pro se complaints do "not require courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Sharpstein moves to dismiss State Farm's Complaint in its entirety on the basis that the lawsuit is "frivolous." ECF No. 25. Upon review, the undersigned concludes that dismissal is not warranted at this time.

As an initial matter, the undersigned finds that the Complaint alleges sufficient facts to state a plausible claim in support of a declaratory judgment action, such that dismissal pursuant to Rule 12(b)(6) is not appropriate. *See generally* ECF No. 1.

Moreover, Sharpstein does not provide any legal arguments in support of his claim that the lawsuit is frivolous. *See* ECF No. 25. Rather, he appears to contest the facts alleged in the Complaint, arguing that State Farm cannot prevail in this case because Sharpstein can provide documentation and proof that the "documents [he] received and signed were significantly altered without [his] knowledge or consent by adding pages to the original document [he] received." *Id.*

To the extent these arguments could be construed as a request for summary judgment pursuant to Federal Rule of Civil Procedure 56, the motion is premature. Pursuant to the operative Scheduling Order in this case, the discovery period will not end until April 24, 2026. *See* ECF

4

Nos. 23, 40. "Generally speaking, summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (citation and internal quotation marks omitted). Here, Sharpstein filed his motion within two months after the discovery period opened. Thus, any request for summary judgment is premature at this time, as the parties have not had adequate time to engage in discovery in the case. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) ("As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Cohen v. Schroeder*, No. 15-CV-6881, 2016 WL 1070851, at *5 (S.D.N.Y. Mar. 16, 2016) ("It is well-established that a district court may deny a summary judgment motion 'as premature' when it is brought by a defendant prior to the close of discovery."). Upon completion of discovery, the parties will have the opportunity to file a motion for summary judgment supported by materials obtained through discovery, as may be appropriate. *See* ECF No. 40 (setting dispositive motions deadline for June 8, 2026).

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that Sharpstein's Motion to Dismiss (ECF No. 25) be **DENIED**.

The parties are referred to the Notice Page attached hereto.

February 23, 2026
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).