**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company**,** | Case No. 2:24-cv-06883-RMG |
| Plaintiff, <br> v. | **ORDER & OPINION** |
| Michael Sharpstein, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendant Michael Sharpstein's Motion to Dismiss (ECF No. 25) be denied. (Dkt No. 43). No party filed timely objections to the R & R.

I.   **Legal Standard**

A.   **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the R & R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Absent specific objections, the Court reviews the R & R for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## II. Discussion

This is a declaratory judgment action in which Plaintiff State Farm Mutual Automobile Insurance Company seeks a declaration that Defendant Michael Sharpstein is not entitled to underinsured motorist ("UIM") coverage under two automobile insurance policies because he signed selection rejection forms declining UIM coverage in February 2020. (ECF No. 1). Sharpstein filed correspondence on January 16, 2026, asking the Court to "dismiss this frivolous lawsuit against me," which the Magistrate Judge construed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt No. 25).

The Magistrate Judge carefully analyzed Sharpstein's motion and correctly concluded that dismissal is not warranted. (Dkt No. 43 at 4–5). As the Magistrate Judge ably sets out in the R & R, the Complaint alleges sufficient facts to state a plausible claim for a declaratory judgment action, and Sharpstein's motion offers no legal arguments in support of dismissal but instead contests factual matters—specifically, his contention that the offer forms he signed were materially

2

altered without his knowledge or consent. Such factual disputes are not appropriate for resolution on a Rule 12(b)(6) motion. To the extent the motion could be construed as seeking summary judgment under Rule 56, the Magistrate Judge correctly concluded it is premature, as the discovery period does not close until April 24, 2026. The Court finds no clear error in the R & R. Accordingly, the motion is denied.

## III.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R as the order of the Court (Dkt No. 43) and **DENIES** Defendant Sharpstein's Motion to Dismiss (Dkt No. 25).

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 12, 2026
Charleston, South Carolina